483 So.2d 1197 (1986)
Debra Landry DAVEZAC
v.
Don J. DAVEZAC.
No. CA4005.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1986.
Rehearings Denied March 19, 1986.
*1198 Bernard M. Plaia, Jr., Metairie, for plaintiff-appellee.
Thomas E. Gibbs, Baton Rouge, for defendant-appellant.
Before SCHOTT, BARRY and KLEES, JJ.
SCHOTT, Judge.
Following a divorce on May 10, 1983 these parties attempted to make an amicable settlement of their community and ultimately succeeded except with respect to a handful of items. In this appeal by the husband, Don J. Davezac, he assigns four errors for our consideration. In three of these he seeks reimbursement from the community for debts he paid and in the other he contends the trial judge erred in the method he adopted for settling the claim of appellee for her share of community funds held by appellant.
With respect to the last assignment it was stipulated that appellant retained $1,898 of community funds while appellee retained $1,120 of such funds. The trial court held that appellee was entitled to a credit of the difference of $778 in the final distribution to offset this difference. This is erroneous since, instead of balancing the accounts, it would transfer the inequity to appellee's account. In this respect the judgment of the trial court is to be amended to give credit to appellee for $379 rather than $778.
The parties further stipulated that appellant paid $11,580 in mortgage payments on the family home since the termination of the community regime. The trial court held he was entitled to be reimbursed half of this amount or $5,790 out of community assets. Appellant contends he is entitled either to full reimbursement out of community funds or half from appellee's separate funds. He relies on cases from this court including Lentz v. Lentz, 411 So.2d 59 (La. App. 4th Cir.1981); Kennedy v. Kennedy, 391 So.2d 1193 (La.App. 4th Cir.1980), writs refused, 396 So.2d 883 (La.1981), overruled on other grounds McCoy v. McCoy, 460 So.2d 641 (La.App. 4th Cir.1984); and Gondrella v. Gondrella, 347 So.2d 938 (La. App. 4th Cir.1977) which do indeed support his position. Appellee responds that these cases are inconsistent with LSA-C.C. Art. 2365 and Gachez v. Gachez, 451 So.2d 608 (La.App. 5th cir.1984), writs denied, 456 So.2d 166 (La.1984) which she contends correctly interpreted and appplied the article. Art. 2365 provides as follows:
"If separate property of a spouse has been used to satisfy a community obligation, the spouse, upon termination of the community property regime, is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used.
Reimbursement may only be made to the extent of community assets, unless the community obligation was incurred for the ordinary and customary expenses of the marriage, or for the support, maintenance, and education of children of either spouse in keeping with the economic condition of the community. In the last case, the spouse is entitled to reimbursement from the other spouse even if there are no community assets."
Although this article, a part of the 1979 revision of our law on matrimonial *1199 regimes, was not in existence when the cited cases arose, we do not consider them to be inconsistent with the article. As we read it appellant is entitled to be reimbursed one-half of the payments he made out of appellee's share of the community. The article would seem to prevent reimbursement in this case if there were no community assets but it does not purport to direct reimbursement to appellant from the mass of the community. To adopt appellee's interpretation would lead to the inequitable result of appellant being "reimbursed" for one-half of the amounts he paid from funds of which he owns half. The net result would be that he would pay seventy-five percent of the payments to maintain a community asset from which the wife would eventually derive one-half of the proceeds.
We agree with appellee that the Gachez case supports her position. However, for the reasons stated we have concluded that Gachez is incorrect in its interpretation of Art. 2365 and we decline to follow the case. Therefore, this portion of the trial court's judgment is to be amended to provide that reimbursement to appellant for one-half of the mortgage payments shall be from appellee's share of the assets of the former community.
Next appellant seeks reimbursement for payments he made out of his separate property on the note given for the purchase of the family automobile. While not clear, the record seems to establish that appellant had possession and use of the automobile at all times. In effect, appellant would have us apply the same logic to this claim as we did to the previous claim arising out of mortgage payments on the family home. In this respect, however, we agree with Gachez v. Gachez, supra, and affirm the judgment of the trial court. The difference here is that an automobile rapidly depreciates so that its use is directly related to its depreciation. See Gachez, at page 613. Equity dictates that appellant be charged for the full amount of maintaining an asset of which he had exclusive use while that asset steadily declined in value.
Appellant's last assignment is directed to the trial court's failure to allow him to be reimbursed for debts owed to MasterCharge and others by the community on the day of its dissolution and which he subsequently paid out of his separate funds. In disallowing reimbursement for these items the trial judge stated that "those expenses in no way benefited the community." Based on the record we are not inclined to disturb this aspect of the judgment. It appears that some of these expenses were for clothing and personal needs of the spouses and their child at a time when the parties were physically separated prior to their legal separation and contemporaneous dissolution of the community. At this time appellant was apparently the major provider for the family and had the greater obligation of support. There is no authority for the proposition that his former spouse should, in effect, pay one-half of these expenses by means of a retroactive adjustment. This would be equivalent to a retroactive adjustment in alimony pendente lite and child support.
As to the other items, appellant claims they were expenses incurred in his business which ultimately redounded to the benefit of the community. We find that many of these expenses, while arguably associated with appellant's business, were likewise for his personal benefit and an accurate categorization of them cannot be made. We agree with the result reached by the trial court because of a failure in appellant's proof as to the exact nature and type of all these expenses.
Accordingly, the judgment appeal from is affirmed, but amended to reduce the credit of $778 allowed to $379 and to provide that the reimbursement to appellant of $5,790 be taken from appellee's share of the community. All costs of these proceedings are taxed against the community.
AFFIRMED.