489 So.2d 440 (1986)
Jesse J. SELLERS, Plaintiff-Appellee,
v.
Anna Mae LANDRY, Defendant-Appellant.
No. 85-623.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1986.
Theall & Fontana, Gary Theall, Abbeville, for defendant-appellant.
Thompson & Sellers, Roger C. Sellers, Abbeville, for plaintiff-appellee.
Before GUIDRY, PICKETT and TUCK,[1] JJ.
GUIDRY, Judge.
On November 8, 1978, Jesse J. Sellers filed a petition seeking a judicial separation from his wife, Anna Mae Landry. Judgment was signed decreeing a separation of the parties on June 8, 1979. During the separation proceedings, it was agreed that a partition of the community assets would take place at a later date. Jesse filed a petition for a partition of the community property on April 2, 1984. In due course, a hearing was conducted for the purpose of determining community assets and liabilities following which, on July 30, 1984, a judgment was signed setting forth with specificity the assets and liabilities of the community. Jesse then timely made application for a new trial which was granted for purposes of reargument only. On March 15, 1985, the trial court signed a judgment again determining with specificity the assets and liabilities of the community of acquets and gains formerly existing between the parties.
Anna Mae has taken this suspensive appeal from the July, 1984, and the March, 1985, judgments. Jesse did not appeal nor answer the appeal.

FACTS
Plaintiff and defendant were married in 1943 and legally separated in 1978. During the existence of the marriage, the couple acquired certain community assets and incurred various obligations. At the time of the hearing for a partition, two community assets existed: the community home *441 and the lots on which it was situated and a 1977 Mercury Marquis automobile. The community obligations found by the trial court, some of which are at issue in this appeal, included house mortgage payments still due to the mortgage holder, and money allegedly owed to Jesse for mortgage payments, repairs to the family home, taxes on the family home, insurance on the family home, and insurance on the family automobile. The payments aforestated were made by Jesse after the parties were judicially separated. The trial court also recognized Anna Mae's entitlement to one-half of the attorney's fees paid by Anna Mae for the interdiction of Jesse J. Sellers but rejected her demand for attorney's fees incurred by her in the separation proceedings.
The trial court found the community to own the following assets:

"(a) Those two (2) certain lots or
 parcels of ground known,
 designated and described as
 Lots 1 and 2 of Block 2 of the
 extension of the Chauvin
 Subdivision in the City of
 Abbeville, Vermilion Parish,
 Louisiana, each of said lots
 measuring 50 feet East and
 West by a depth of 150 feet
 North and South all between
 parallel lines and being
 bounded as a whole on the
 North by East End Street,
 East by Lot 3 and South by
 Lot 8 of said Block 2 and
 West by Armistice Street, all
 in accordance with a plat of
 survey by Noy 0. Lewis,
 Surveyor, dated March 23,
 1957, on file and of record in
 the Clerk and Recorders
 Office of Vermilion Parish,
 Louisiana, together with all
 buildings and improvements
 located thereon. $ 30,000.00
(b) One (1) 1977 Mercury Marquis
 Automobile 2,300.00
 ____________
TOTAL VALUE OF
 COMMUNITY ASSETS........ $ 32,300.00"

These assets and their total value are not at issue on appeal.
In the judgment of March 15, 1985, the trial court recognized the following as community liabilities:
"(3) The liabilities of the community as of the time of trial are as follows:

(a) Balance of mortgage due on
 family home to Vermilion
 Savings & Loan Association... $ 1,302.00
(b) One-half (½) of mortgage
 payments made by Jesse J.
 Sellers 5/17/79 $ $79.96......... $ 39.98
(c) Mortgage payments made by
 Jesse J. Sellers 6/17/79 to
 5/17/84 60 mths. $ $79.96...... $ 4,797.60
(d) Family home repairs paid by
 Jesse J. Sellers..................... $4,812.63
(e) Taxes paid on family home by
 Jesse J. Sellers..................... $ 504.27
(f) Insurance paid by Jesse J.
 Sellers on Mercury Marquis
 used by Anna Mae Landry..... $ 935.55
(g) One-half (½) of attorney's fee
 paid by Anna Mae Landry for
 Interdiction of Jesse J.
 Sellers, $383.96..................... $ 191.98
(h) Insurance paid on family
 home by Jesse J. Sellers........ $ 1,644.00
 ----------
TOTAL COMMUNITY
 LIABILITIES.................. $14,228.01
NET COMMUNITY VALUE........ $18,071.99"
 -----------

It is the community liabilities enumerated above that are at issue on appeal.
Anna Mae urges that the trial court should have found that Jesse was only entitled to one-half reimbursement from the community for the separate funds that he expended upon various community obligations after termination of the community property regime. Jesse contends that he should receive full reimbursement from community assets or reimbursement of one-half the value of the property used by plaintiff from the separate property of defendant. We agree with appellee.
La.C.C. art. 2365 states as follows:
"If separate property of a spouse has been used to satisfy a community obligation, the spouse, upon termination of the community property regime, is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used.
Reimbursement may only be made to the extent of community assets, unless *442 the community obligation was incurred for the ordinary and customary expenses of the marriage, or for the support, maintenance, and education of children of either spouse in keeping with the economic condition of the community. In the last case, the spouse is entitled to reimbursement from the other spouse even if there are no community assets."
La.C.C. art. 2367 states, in pertinent part, as follows:
"If separate property of a spouse has been used for the acquisition, use, improvement, or benefit of community property, that spouse upon termination of the community is entitled to one-half of the amount or value that the property had at the time it was used if there are community assets from which reimbursement may be made...."
In the very recent case of Davezac v. Davezac, 483 So.2d 1197 (La.App. 4th Cir. 1986), the Fourth Circuit was faced with a similar issue. In Davezac, supra, the appellee argued that the party who had expended separate funds to pay a community obligation should only receive one-half reimbursement from the community assets, pursuant to La.C.C. art. 2365. The appellant argued for full reimbursement from the community assets or one-half reimbursement of the value of the separate property expended from the separate assets of the appellee.
The Fourth Circuit stated in regard to La.C.C. art. 2365 as follows:
"... As we read it, appellant is entitled to be reimbursed one-half of the payments he made out of appellee's share of the community ... To adopt appellee's interpretation would lead to the inequitable result of appellant being `reimbursed' for one-half of the amounts he paid from funds which he owns half. The net result would be that he would pay seventy-five percent of the payments to maintain a community asset from which the wife would eventually derive one-half of the proceeds."
We agree with the conclusion reached in Davezac. Our community property laws contemplate an equal sharing of assets and obligations, to hold that the legislature meant otherwise when La.C.C. arts. 2365 and 2367 were adopted, would be absurd.
In order for plaintiff to receive his proper reimbursement, the trial court can either reimburse him the full amount he expended out of the gross community assets, or the court can first divide the gross community assets and then have defendant reimburse plaintiff out of her separate funds one-half the value of the separate property he expended. In either case the result will be the same.
Appellant further argues that the trial court erred in not listing as community obligations the full amount paid by her as attorney's fees for the interdiction of Jesse Sellers and the full amount paid by her for attorney's fees in the separation proceeding. We agree.
Both debts are community debts paid by appellant with separate funds and should be listed as community obligations.
For the above and foregoing reasons, the judgment of the trial court dated March 15, 1985 is amended in part as follows:
"(3) The liabilities of the community as of the time of trial are as follows: ...

(g) The attorney's fees paid by Anna
Mae Landry for interdiction of Jesse
J. Sellers------------------------------- $383.96
 . . . . .
(i) The attorney's fee paid by Anna
Mae Landry in the separation proceeding---- $350.00"

In all other respects, the judgment appealed from is affirmed. Costs of appeal are to be assessed equally between the parties.
AFFIRMED AS AMENDED.
NOTES
[1] Judge John S. Pickett, Jr. of the 11th Judicial District Court and Judge Roy B. Tuck, Jr. of the 30th Judicial District Court participated in this decision as Judges Pro Tempore of the Third Circuit Court of Appeal.