509 So.2d 77 (1987)
Patti Phillips WILLIAMS
v.
Webb W. WILLIAMS.
No. 86 CA 0398.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
*78 Rodney C. Cashe, Hammond, for plaintiff, appellee.
Joseph Bishop, Jr., Mandeville, for defendant, appellant.
Before LOTTINGER, SHORTESS and CARTER, JJ.
CARTER, Judge.
This is an appeal from a judgment of partition of community property.

FACTS
Patti Phillips Williams (appellee) and Webb W. Williams (appellant) were judicially separated on October 12, 1983, in the Parish of St. Tammany. Since the parties were unable to amicably partition the community property, on November 18, 1983, appellee filed a petition to partition the community property. Both parties submitted sworn detailed descriptive lists of the property acquired during the marriage. Subsequently, on August 23, 1984, the parties filed a joint stipulation of facts, without stipulating the manner in which the assets and liabilities would be apportioned between the parties. The matter was tried on June 7, 1984, and on May 3, 1985, the trial judge signed the judgment of partition.
The pertinent part of this judgment is as follows:
Considering the pleadings, the Stipulated Detailed Descriptive List of Webb W. Williams and Patti Phillips Williams, and the Stipulation of Facts submitted by the parties, the Memorandum of Law submitted by the parties and the Court's Reasons for Judgment entitled, Court Imposed Dissolution of Marital Regime, dated March 18, 1985,
IT IS ORDERED, ADJUDGED AND DECREED That:
1. The assets and liabilities of the community previously existing between the parties is divided as set forth below:

WEBB W. WILLIAMS
A. Assets Value
1) That immovable property with improvements
described as Lot 18, Hidden Acres
Subdivision, Mandeville, Louisiana, St.
Tammany Parish. $87,250.00
2) 1981 Subaru Automobile $ 3,200.00
 __________
 Total Assets $90,450.00
 __________
B. Liabilities
1) Loan balance on family home as of June
7, 1984 $58,916.80
2) Loan balance on Subaru automobile as
of June 7, 1984 $ 1,111.23
3) Debt owed to Webb Williams' mother $ 4,000.00
4) One-half of equity in family home to
Patti Phillips Williams $14,660.60
 __________
 Total Liabilities $78,688.63
 ----------
 Net $11,761.37
 ==========
PATTI PHILLIPS WILLIAMS
A. Assets
1) 1979 Monte Carlo automobile $ 3,325.00
 __________
2) One-half of equity in family home from
Webb W. Williams $14,166.60
 __________
 Total Assets $17,491.60
 __________
B. Liabilities
 None -0-
 Net $17,491.60
 ==========

The Court finds Patti Phillips Williams to be indebted to Webb W. Williams in the amount of $4,229.50, representing one-half of the mortgage payments paid on the family home by Webb W. Williams' separate estate from July 18, 1983 to June 7, 1984. The Court further *79 finds Webb W. Williams to be indebted to Patti Phillips Williams in the amount of $2,500.00, representing one-half of the rental value of the family home from July 18, 1983 to June 7, 1984.
Based on the above, the Court makes the following adjustments:

Webb W. Williams Patti Phillips Williams
$ 11,761.37 $17,491.60
+ 4,229.50 ( 4,229.50)
___________ ___________
$15,990.87 $13,262.10
( 2,500.00) + 2,500.00
___________ ___________
$13,490.87 $15,762.10
+ 1,135.62 ( 1,135.61)
___________ ___________
$14,626.49 $14,626.49
=========== ===========

Each party is to receive $14,626.49. Currently, Patti Phillips Williams has in her possession $3,325.00. To balance the amounts which each party is to receive, the Court further orders Webb W. Williams to pay Patti Phillips Williams the amount of $11,301.29, said amount to be paid within thirty (30) days of this date.
Appellant appeals assigning the following errors:
1. The court erred in its calculation of the amount to be received by appellee for equity in the family home;
2. The court recognized that appellee owed one-half of the mortgage payments made by appellant's separate estate, but erred in showing the amount as part of the community to be received by him, rather than as a debt owed his separate estate;
3. The court erred in ordering appellant to pay appellee for one-half of the rental value of the family home; and,
4. The court erred in failing to order appellee to reimburse appellant's separate estate for mortgage payments made on the Subaru automobile.

ASSIGNMENT OF ERROR NO. 1
Appellant contends that the trial judge erred in calculating the amount of equity in the family home credited to appellee.
Under LSA-R.S. 9:2801(4)(c), the trial court is authorized to allocate to one party or the other a particular asset, and if this results in an unequal net distribution, the court is directed to order the payment of an equalizing sum of money. This method was chosen by the trial court.
In listing the liabilities of appellant in the judgment of partition, the amount allocated to appellee for her portion of the equity in the family home was $14,660.60. However, the correct figure is $14,166.60, which represents one-half of the difference between the value of the house ($87,250.00) and the loan balance ($58,916.80). The judgment will be amended to reflect the correct amount of $14,166.60.

ASSIGNMENT OF ERROR NO. 3
Appellant next contends that the trial judge erred in finding him indebted to appellee for $2,500.00, representing one-half of the rental value of the family home from July 18, 1983, to June 7, 1984.
Upon termination of the community between a husband and wife, the two parties become owners in indivision of the immovable property which had belonged to the community. Each owner in indivision is entitled to possess or use the common property without the obligation to pay rent therefor, provided that such possession or use is not to the exclusion of his co-owner. Each co-owner has the obligation to maintain and preserve the property, or vis-a-vis each other, pay his share of the cost. Patin v. Patin, 462 So.2d 1356 (La.App. 3rd Cir.1985), writ denied, 466 So.2d 470 (La. 1985); Lentz v. Lentz, 411 So.2d 59 (La. App. 4th Cir.1981); Kennedy v. Kennedy, 391 So.2d 1193 (La.App. 4th Cir.1980), writ denied, 396 So.2d 883 (La.1981); Butler v. Butler, 228 So.2d 339 (La.App. 1st Cir. 1969).
In the joint stipulation of facts, both parties stated that appellee voluntarily left the community home in March of 1983, and that appellant desired to keep the house to provide a home for his daughter from a previous marriage. Further, there is no *80 evidence in the record to establish that this possession was to the exclusion of appellee.
Therefore, we find that the possession of the home by appellant was not to the exclusion of the appellee, and, as a result, appellant is not indebted to appellee for one-half of the rental value of the home.

ASSIGNMENTS OF ERROR NOS. 2 & 4
Appellant contends that the trial court erred in failing to order reimbursement to his separate estate for one-half of the payments made on the Subaru automobile, relying on LSA-C.C. art. 2365. Appellant further contends that while the court recognized that appellee owed one-half of the mortgage payments on the home made from appellant's separate estate, the court erred by showing this amount as part of the community to be received by him, rather than as a debt owed his separate estate.
Under LSA-C.C. art. 2358, upon termination of a community property regime, a spouse may have a claim for reimbursement against the other spouse. Further, under LSA-C.C. art. 2365, if separate property of a spouse has been used to satisfy a community obligation, the spouse, upon termination of the community property regime, is entitled to reimbursement for onehalf of the amount or value that the property had at the time it was used.

A. The Subaru Automobile
In the instant case, after the judgment of separation, appellant continued to pay the notes on the community-owned vehicle, thus using funds from his separate estate to pay a community obligation.
Appellee contends, however, that under the rationale of Gachez v. Gachez, 451 So.2d 608 (La.App. 5th Cir.1984), writ denied, 456 So.2d 166 (La.1984), and Davezac v. Davezac, 483 So.2d 1197 (La.App. 4th Cir.1986), appellant is not entitled to reimbursement for one-half of the payments made on depreciating movable property used exclusively by him.
In the case sub judice, the note on the Subaru was a debt of the community, which was paid from appellant's separate estate. Although appellant enjoyed the exclusive use of the Subaru, that car, as well as the Monte Carlo, continued to be an asset of the community after the judgment of separation. Our brethren of the Fourth and Fifth Circuits have chosen to treat reimbursements from separate property differently depending on whether the debt paid was on movable or immovable property. However, LSA-C.C. art. 2365 makes no such distinction, and we see no reason to deny appellant reimbursement for one-half of the separate property used to pay the note on the Subaru automobile.
Therefore, appellant's separate property should be reimbursed in the amount of $679.09, which represents one-half of the payments made from appellant's separate estate on the Subaru automobile.

B. The Home Mortgage
Appellant asserts that although the trial court correctly recognized that he was entitled to reimbursement for one-half of the separate funds used to make the mortgage payments, the court erred in calculating this amount as part of the community to be received by him, rather than as a debt owed to his separate estate.
Under LSA-C.C. art. 2365, appellant is entitled to be reimbursed for one-half of the separate funds used to pay community debts. The article prevents reimbursement if there were no community assets, but it does not purport to direct reimbursement to appellant from the mass of the community. In fact, the jurisprudence has interpreted LSA-C.C. art. 2365 to permit appellant to be reimbursed from appellee's share of the community for one-half of payments made out of his separate estate. Sellers v. Landry, 489 So.2d 440 (La.App. 3rd Cir. 1986).
To adopt appellee's interpretation would lead to the inequitable result of appellant being "reimbursed" for one-half of the amounts he paid from funds of which he owns one-half. The net result would be that appellant would be responsible for seventy *81 five percent of the payments to maintain a community asset from which appellee would eventually derive one-half of the proceeds.
In order for plaintiff to receive his proper reimbursement, the trial court can either reimburse him the full amount he expended out of the gross community assets, or the court can first divide the gross community assets and then have appellee reimburse appellant out of her separate funds onehalf the value of the separate property he expended. In either case the result would be the same. See Sellers v. Landry, supra.
Therefore, appellant is entitled to his one-half of the community property, as well as his claim for reimbursement to his separate property, in the amounts of $679.09 and $4,229.50 respectively.
The correct calculations in partitioning the community property are as follows:

WEBB W. WILLIAMS
----------------
A. Assets Value
 -----
 1. That immovable property with
 improvements described as Lot
 18, Hidden Acres Subdivision,
 Mandeville, Louisiana, St. Tammany
 Parish. $ 87,250.00
 2. 1981 Subaru Automobile $ 3,200.00
 -----------
 Total Assets $ 90,450.00
 -----------
B. Liabilities
 1. Loan balance on family home
 as of June 7, 1984 $ 58,916.80
 2. Loan balance on Subaru automobile
 as of June 7, 1984 $ 1,111.23
 3. Debt owed to Webb Williams'
 mother $ 4,000.00
 4. One-half of equity in family
 home to Patti Phillips Williams $ 14,166.60
 -----------
 Total Liabilities $ 78,194.63
 -----------
 Net $ 12,255.37
 ===========
PATTI PHILLIPS WILLIAMS
A. Assets
 1. 1979 Monte Carlo automobile $ 3,325.00
 2. One-half of equity in family
 home from Webb W. Williams $ 14,166.60
 ___________
 Total Assets $ 17,491.60
 ___________
B. Liabilities
 None -0-
 ___________
 Net $ 17,491.60
 ===========

The resulting division of the community property is as follows:

Net: Appellant $12,255.37
 + 2,618.12
 __________
 $14,873.49
Net: Appellee $17,491.60
 - 2,618.11
 __________
 $14,873.49

Accordingly, to equally divide the assets and liabilities of the community, appellee owes appellant $2,618.12. Furthermore, this court orders that out of appellee's portion of community property, she is to reimburse appellant the sums of $679.09 and $4,229.50 for the reasons herein expressed.

CONCLUSION
For the above reasons, the trial court judgment is amended to reflect the equity in the family home credited to Patti Phillips Williams from $14,660.60 to $14,166.60. The judgment of the trial court finding Webb W. Williams liable to Patti Phillips Williams for $2,500.00 for one-half of rental value of community home is reversed. The judgment of the trial court denying Webb W. Williams reimbursement for payments from his separate estate on the Subaru automobile is reversed, and judgment is rendered in favor of Webb W. Williams and against Patti Phillips Williams for $679.09. Further, the judgment is amended to reflect the correct calculations so as to properly reflect appellant's claim for reimbursement. In all other respects, the judgment is affirmed. Costs are assessed against appellee, Patti Phillips Williams.
AMENDED IN PART; AFFIRMED IN PART; REVERSED IN PART AND RENDERED.