580 So.2d 709 (1991)
Michael J. MAGINNIS
v.
Lynette Gilman MAGINNIS.
No. CA 90 0008.
Court of Appeal of Louisiana, First Circuit.
May 16, 1991.
Rehearing Denied July 2, 1991.
Martin E. Coady, Slidell, for plaintiff-appellant.
*710 Bennett Wolf, New Orleans, for defendant-appellee.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.
COVINGTON, Chief Judge.
This appeal is from a judgment of partition of community property. We affirm in part and reverse in part for the reasons stated below.

FACTS
Michael J. Maginnis, appellant, and Lynette Gilman Maginnis were married in Memphis, Tennessee, on July 2, 1971. There were six children born of the marriage. The family moved to St. Tammany Parish in 1977. Michael and Lynette were judicially separated on October 26, 1987. The record before us is unclear; however, the parties were divorced prior to March of 1989. A petition for partition of the community was filed on April 13, 1988. A hearing was held on February 10 and concluded on March 13, 1989. The parties entered into certain stipulations regarding community and separate property, and payments made and current balances due on community liabilities. In addition, testimony was also heard regarding Mr. Maginnis' claim for reimbursement of his separate property which had been allegedly used to satisfy community obligations.
Reasons for judgment were signed on June 8, and a judgment was signed on July 19, 1989, declaring the community insolvent, distributing the community property, and denying Mr. Maginnis' reimbursement claim. From that judgment, Michael Maginnis appeals and assigns the following errors:
1. The trial court erred in denying plaintiff-appellant's claim for reimbursement for payment of community federal and state taxes from plaintiff-appellant's personal injury settlement proceeds.
2. The trial court erred in denying plaintiff-appellant's claim for reimbursement on community debts paid by him after the legal separation and prior to the partition trial.

ASSIGNMENT OF ERROR NO. 1
Appellant contends the trial court erred in denying his claim for reimbursement of one-half of the 1986 federal and state income taxes.
Louisiana Civil Code Article 2365, at the time of trial provided:
If separate property of a spouse has been used to satisfy a community obligation, the spouse, upon termination of the community property regime, is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used.
Reimbursement may only be made to the extent of community assets, unless the community obligation was incurred for the ordinary and customary expenses of the marriage, or for the support, maintenance, and education of children of either spouse in keeping with the economic condition of the community. In the last case, the spouse is entitled to reimbursement from the other spouse even if there are no community assets.[1]
At termination of the community, this provision allows for reimbursement to a spouse who has used separate property to satisfy a community obligation. This reimbursement is available if there are community assets from which reimbursement may be made. If the community is insolvent, as in the instant case, reimbursement is not available except in two limited instances: (1) If the community obligation was incurred for the ordinary and customary expenses of the marriage or (2) if the community obligation was for the support, maintenance, and education of children of either spouse in keeping with the economic condition of the community[2].
*711 For an obligation to be classified as a community obligation it must have been incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse. LSA-C.C. art. 2360. The payment of yearly income taxes is a community obligation and is one of the ordinary and customary expenses of every marriage, yet the trial court did not allow the claim for reimbursement by Mr. Maginnis. The trial court reasoned there was no evidence introduced at trial which substantiated appellant's reimbursement claim. However, as stipulated by the parties, the personal injury settlement proceeds received by Michael Maginnis were classified as his separate property. It appears the trial judge did not consider the stipulation.
A court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La.1989). In the instant case, the failure of the trial court to consider the stipulation, which had been agreed to by both parties and which was a part of the record, was clearly wrong.
Under the reimbursement articles, the burden of proof is on the party claiming reimbursement. Succession of Blythe, 496 So.2d 1180 (La.App. 5 Cir.), writ denied, 498 So.2d 15 (La.1986). Michael Maginnis has met this burden of proof for the classification of funds used for the payment of 1986 federal and state income taxes. Those funds were classified in the stipulation between the parties as the separate property of Mr. Maginnis. This separate property of appellant's was used to satisfy an ordinary community obligation. The claim for reimbursement of $16,884.80 from Lynette for the payment of $33,769.60 in federal and state income taxes should have been allowed.

ASSIGNMENT OF ERROR NO. 2
Appellant also contends the trial court erred in denying his reimbursement claim for payment of community debts after separation from Lynette Maginnis. The identity and the dollar value of the debts paid by Michael Maginnis were included in the stipulation. However, the classification of these debts as community debts was not a part of the agreement between the parties, only the dollar amount. The record reveals statements by counsel for both parties limit the stipulation to dollar amounts only.
MR. COADY: ... loans payments [sic] were made post-separation when the community was terminated by Mr. Maginnis and in connection with his claim for reimbursement we are stipulating to amounts paid by him.
And later in the proceedings,
MR. WOLFF: ... we will make the arguments regarding the reimbursements once we determine what the value
THE COURT: There is no stipulation concerning that [the reimbursements]. I understand.
MR. WOLFF: Right.
MR. COADY: Just the amount of money.

[Emphasis added].
Under LSA-C.C. art. 2365, reimbursement will only be allowed from this insolvent community if separate funds were used to satisfy community obligations for ordinary marital expenses or for the support, maintenance, and education of children of either spouse in keeping with the economic condition of the community. The loan payments made by Mr. Maginnis were as follows:

South Savings & Loan $ 8,863
 mortgage loan on family residence
Hibernia # 1 6,823
 supplement income for everyday
 expenses
Hibernia # 2 2,500
 purchase of unimproved lot in
 Slidell and community obligations
First National Bank of Commerce
 # 1 4,200
 summer vacations
First National Bank of Commerce
 # 2 2,500
 purchase of family van
 _______
TOTAL.......................................$24,886[3]
*712 From the uncontradicted testimony of Mr. Maginnis, payments to South Savings, Hibernia # 1, and First National # 1 and # 2 were for ordinary expenses of the marriage or for the children. The funds from the Hibernia # 2 loan were used for the purchase of an unimproved lot in Slidell ($50,000) and for community obligations ($13,500). Although it may be argued that a second, unimproved lot is not an ordinary expense of a marriage, there was no contradictory testimony. These claims should have been allowed.
For the foregoing reasons, the judgment of the trial court is reversed and judgment is rendered in favor of Mr. Maginnis to allow him reimbursement from Mrs. Maginnis in the amount of $16,884.80 for the payment of 1986 federal and state income taxes and in the amount of $12,443.00 for loan payments of community debts for the ordinary expenses of the marriage or for the children. In all other respects, the judgment is affirmed. Costs of this appeal are assessed evenly between the parties.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
NOTES
[1] Article 2365 was amended by Acts 1990, No. 991, § 1, to clarify the method of calculation when one spouse is due reimbursement. The amendment did not change the law.
[2] We note the language of Williams v. Williams, 509 So.2d 77 (La.App. 1 Cir.1987) and deem it not to be controlling. The community in Williams was solvent. The statement at 509 So.2d at 80 is dicta.
[3] These figures were stipulated to by the parties in open court on February 10, 1989.