606 So.2d 794 (1992)
Mary Ann FASTABEND, Born Forman, Plaintiff-Appellee,
v.
Carl Patrick FASTABEND, M.D., Defendant-Appellant.
No. 91-600.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1992.
Writ Denied December 11, 1992.
*795 Scofield, Gerard, etc., J. Michael Veron, Lake Charles, for plaintiff-appellee.
Lorenzi & Sanchez, Walter M. Sanchez, Lake Charles, for defendant-appellant.
Before DOUCET, YELVERTON and CULPEPPER[*], JJ.
DOUCET, Judge.
This is an appeal from a judgment partitioning the community of acquets and gains formerly existing between the parties.
The plaintiff, Mary Ann Forman Fastabend, and the defendant, Carl Patrick Fastabend, M.D., were divorced by a judgment rendered on February 3, 1986. The judgment terminated the community of acquets and gains formerly existing between the Fastabends retroactive to September 25, 1985, the date that the petition for divorce was filed. On December 30, 1988, Mrs. Fastabend filed a petition to partition the community property. A hearing on the petition was held on August 30, 1989. On March 29, 1991, the trial judge rendered judgment partitioning the property as follows:

 Assets
 a. Cash (Bank accounts) $ 23,945.40
 b. Merrill Lynch Cash Account 1,410.00
 c. Retirement Plan (vested benefit) 55,675.10
 d. IRA (Carl P. Fastabend, M.D.) 10,916.72
 e. IRA (Mary Ann Fastabend) 11,022.10
 f. Stock (Clinic Realty, Inc.) 51,831.11
 g. Partnership interest in Lake Charles Medical
 & Clinic Partnership 153,580.00
 h. Real Estateâ 703 W. Sale Rd. 310,000.00

*796
 i. CCIP Account $ 2,500.00
 j. Rent Receivable (Mary Ann Fastabend) 110,000.00
 k. Rent Receivable (Carl Fastabend, M.D.) 125,000.00
 l. Stock in Carl P. Fastabend, M.D., APMC 25,686.00
 m. Interest on Cash Accounts 17,440.90
 n. Income Tax benefit on home mortgage interest
 deduction 64,600.00
 ___________
 TOTAL ASSETS $963,607.55
 Liabilities
 a. Reimbursement due Dr. Fastabend on deferred
 taxes $ 47,507.00
 b. Reimbursement due Dr. Fastabend on taxes
 paid from liquidation of Carl P. Fastabend,
 M.D., (APMC) 14,561.00
 c. Mortgage balance on 703 W. Sale Rd. 284,701.24
 d. Reimbursement due Dr. Fastabend for
 mortgage payments to March 1989 on 703
 W. Sale Rd. 184,240.00
 e. Reimbursement due Dr. Fastabend for
 mortgage payments through August 1989
 on 703 W. Sale Rd. 25,000.00
 f. Reimbursement due Mary Ann Fastabend
 on mortgage payments on 703 W. Sale 14,480.00
 -----------
 TOTAL LIABILITIES $570,489.24
 Recapitulation
 Total Assets.......................................$963,607.55
 Total Liabilities..................................-570,489.24
 ------------
 Net Value of Community.............................$393,118.31
 Value of One-half (―) of community...............$196,559.15

2. Ordering a partition in kind of the above property as follows:
a. The defendant is to have possession and ownership of all interests in and to any corporation and/or partnership in which the community had interest, and the plaintiff is ordered to assist in any way necessary to accomplish the transfer of her interest to the defendant;
b. The defendant is entitled to ownership of the real property bearing municipal address 703 West Sale Road, Lake Charles, Louisiana, and the plaintiff is ordered to assist in any way necessary to accomplish the transfer of her interest to the defendant;
c. Each party is to receive the IRA account presently in his or her name and relinquish all interest in the account bearing the other's name;
d. All stock previously held in the names of both parties will be transferred to the defendant, and any stock held in indivision will be held by the defendant solely, with the plaintiff required to execute whatever documents are necessary to accomplish this transfer;
e. The defendant, CARL PATRICK FASTABEND, M.D., is ordered to make a cash payment of TWENTY-FIVE THOUSAND AND NO/100 ($25,000.00) DOLLARS to the plaintiff, MARY ANN FASTABEND, within thirty (30) days of the signing of this judgment;
f. The defendant is likewise required to transfer the sum of TWENTY-SEVEN THOUSAND SEVEN HUNDRED EIGHTY-FOUR AND 86/100 ($27,784.86) DOLLARS from the Lake Charles Medical & Surgical partnership retirement plan to the plaintiff's IRA within thirty (30) days of the signing of this judgment;
g. The defendant is ordered to provide a promissory note for the balance of the *797 plaintiff's remaining undivided one-half(―) interest in the community estate in the amount of ONE HUNDRED THIRTY-THREE THOUSAND SEVEN HUNDRED FIFTY-THREE AND 19/100 ($133,753.19) DOLLARS, payable at the rate of eight (8%) percent per annum for a period of eight (8) years in equal monthly installments of ONE THOUSAND EIGHT HUNDRED NINETY AND 82/100 ($1,890.82) DOLLARS, with the first payment due thirty (30) days from the signing of this judgment and each remaining payment due on the same day of each succeeding month thereafter until paid;

* * *
The defendant, Carl P. Fastabend, appeals.

RENTAL VALUE OF THE HOME
Dr. Fastabend contends that the trial court incorrectly set the rental value of the family home at the amount of the mortgage payment.
A trial judge has the discretion to order a spouse who has used or occupied the community owned family home to pay rent to the other spouse. La.R.S. 9:374(C), formerly La.R.S. 9:308(B). Rental value of property is a factual question.
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.
Canter v. Koehring Co., 283 So.2d 716 (La.1973).
In this case, each spouse had the exclusive use of the family home for a period of time prior to the partition of the community of acquets and gains. Mrs. Fastabend occupied the house for a period of 22 months; Dr. Fastabend for a period of 25 months.
At the hearing, Michael P. Terranova, a C.P.A., testified on behalf of Mrs. Fastabend as to the value of the community. He calculated the rental value of the house at $5,000.00. Daniel R. Plauche, a real estate appraiser, testified on behalf of Dr. Fastabend. He estimated the rental value of the house at $1,000.00 to $1,200.00 per month. However, it appears from his testimony that the property used by Plauche for comparison was not as large or as valuable as the Fastabend house, and lacked many of its design features.
After reviewing the evidence on this point, we cannot conclude that the trial court's determination of the rental value of the Fastabend home lacked a basis in fact, or was clearly erroneous.

REIMBURSEMENTS
Dr. Fastabend further contends that the trial court erred in treating the rent payments ordered and the mortgage payments made by Dr. Fastabend as assets and liabilities of the community rather than as reimbursements owed from the separate patrimony of each spouse.
Once the divorce becomes final, the community of acquets and gains ceases to exist. La.C.C. Art. 2356. Therefore, the obligation to pay rent for use of the home after the divorce is final cannot be a community asset. Each spouse must reimburse the other for one-half the amount of the rent ordered by the trial judge for the period of his or her use of the home. See Patin v. Patin, 462 So.2d 1356 (La.App. 3rd Cir.1985), writ denied, 466 So.2d 470 (La.1985). Neither could the amounts owed each of the parties because of his payment of the mortgage note be a community debt, because no community existed when he and she made those payments.
Further, each party must reimburse to the other one-half of the amount each paid on the mortgage note. As the court stated in Williams v. Williams, 509 So.2d 77, 80-81 (La.App. 1st Cir.1987):
Under LSA-C.C. art. 2365, appellant is entitled to be reimbursed for one-half of the separate funds used to pay community debts. The article prevents reimbursement if there were no community assets, but it does not purport to direct reimbursement to appellant from the mass of the community. In fact, the *798 jurisprudence has interpreted LSA-C.C. art. 2365 to permit appellant to be reimbursed from appellee's share of the community for one-half of payments made out of his separate estate. Sellers v. Landry, 489 So.2d 440 (La.App. 3rd Cir. 1986).
To adopt appellee's interpretation would lead to the inequitable result of appellant being "reimbursed" for one-half of the amounts he paid from funds of which he owns one-half. The net result would be that appellant would be responsible for seventy-five percent of the payments to maintain a community asset from which appellee would eventually derive one-half of the proceeds.
In order for plaintiff to receive his proper reimbursement, the trial court can either reimburse him the full amount he expended out of the gross community assets, or the court can first divide the gross community assets and then have appellee reimburse appellant out of her separate funds one-half the value of the separate property he expended. In either case the result would be the same. See Sellers v. Landry, supra.

Accordingly, the rent and mortgage payments were improperly listed as community assets and liabilities respectively. These amounts must be reimbursed by the parties from their separate estates.

ACCOUNTS RECEIVABLE OF MEDICAL PARTNERSHIP
Dr. Fastabend further contends that the trial court erred in including the accounts receivable of Lake Charles Medical and Surgical Clinic in calculating the value of that medical partnership and his interest therein. Dr. Fastabend bases his argument on Article 12, Section E of the partnership agreement which states in pertinent part that:
No partner shall have or own any interest nor have any claim or right in and to the accounts receivable or any other asset of the partnership.
Dr. Fastabend argues that since he has no interest, claim, or right in the accounts receivable of the partnership, they cannot be included in calculating the value of his interest in the partnership.
We do not agree. Dr. Fastabend has no direct claim to the accounts receivable, and they are not a community asset. However, it is undisputed that the accounts receivable are an asset of the partnership itself. As such they must be used in calculating the value of the partnership. Nothing in the partnership agreement prevents this. It is the value of the partnership which forms the basis for the determination of Dr. Fastabend's interest in it. Dr. Fastabend's interest in the medical partnership is, to the extent acquired during the marriage, a community asset. Due v. Due, 342 So.2d 161 (La.1977). Accordingly, we find no error in the trial court's determination of Dr. Fastabend's interest in the medical partnership.

INTEREST ON COMMUNITY ASSETS
Dr. Fastabend finally argues that the trial court erred in imputing an interest rate of 8% on the community assets managed by him.
The trial court, in its written reasons for judgment, stated that:
The Court is convinced that the law requires that the former spouse having control and possession of any assets belonging to the community regime does owe a fiduciary duty to the former spouse who is not in control or possession. See Queenan v. Queenan, 492 So.2d 902 (La.App. 3rd Cir., 1986). Thus, all accounts that were in the control and possession Carl Patrick Fastabend should have been invested at the prevailing interest of eight (8%) percent.
We find the court's determination in this matter to be incorrect.
As this court stated in Barbin v. Barbin, 546 So.2d 609, 611 (La.App. 3rd Cir.1989):
We know of no theory of law that requires a former partner in community to invest community funds prior to partition so that they will earn interest in the interim between dissolution of the community and the date of partition. Plaintiff-appellant relies on the cases referred to by the trial court in its written reasons. *799 In those cases legal interest was allowed from the date of termination of the community under LSA-C.C. art. 1938 (now embodied in LSA-C.C. art. 2000) on any balance owed to one spouse to equalize their positions where the spouse owing the equalizing payment has been guilty of fraud in attempting to conceal or misrepresent facts concerning community property. (emphasis added.)
Since there is no evidence of fraud on the part of Dr. Fastabend, the trial court incorrectly assessed Dr. Fastabend with interest at the rate of 8% on cash accounts.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, and rendered as follows:

1) Assets
 a. Cash (Bank accounts) $ 23,945.40
 b. Merrill Lynch Cash Account 1,410.00
 c. Retirement Plan (vested benefit) 55,675.10
 d. IRA (Carl P. Fastabend, M.D.) 10,916.72
 e. IRA (Mary Ann Fastabend) 11,022.10
 f. Stock (Clinic Realty, Inc.) 51,831.11
 g. Partnership interest in Lake Charles Medical
 & Surgical Clinic Partnership 153,580.00
 h. Real Estate 310,000.00
 i. CCIP Account 2,500.00
 j. Stock in Carl P. Fastabend, M.D., APMC 25,686.00
 k. Income Tax benefit on home mortgage interest
 deduction 64,600.00
 ___________
 Total Assets $711,166.43
 Liabilities
 a. Reimbursement due Dr. Fastabend on deferred
 taxes $ 47,507.00
 b. Reimbursement due Dr. Fastabend on taxes
 paid from liquidation of Carl P. Fastabend,
 M.D., (APMC) 14,561.00
 c. Mortgage balance on 703 W. Sale Road 284,701.24
 -----------
 Total Liabilities $346,769.24
 Recapitulation
 Total Assets........................................$711,166.43
 Total Liabilities....................................346,769.24
 -----------
 Net Value of Community .............................$364,397.19
 Value of One-half (―) of Community..............$182,198.59
 REIMBURSEMENTS
 By Mrs. Fastabend to Dr. Fastabend:
 For Rent (22 mos.Ũ $5,000 ũ2) $ 55,000.00
 For Mortgage ($184,240 + 12,500 ũ2) 98,370.00
 -----------
 Net $153,370.00
 By Dr. Fastabend to Mrs. Fastabend:
 For Rent (25 mos. Ũ $5,000 ũ2) $ 62,500.00
 For Mortgage ($14,480 ũ2) 7,240.00
 -----------
 Net $ 69,740.00
 Recapitulation
 Owed by Mrs. Fastabend to Dr. Fastabend $153,370.00
 Owed by Dr. Fastabend to Mrs. Fastabend $ 69,740.00
 -----------
 Net Owed by Mrs. Fastabend to Dr. Fastabend $ 83,630.00

*800 2) The community half of Mrs. Fastabend is reduced by the amount of the reimbursement owed by her to Dr. Fastabend, leaving a balance of $98,568.59.
3) Ordering a partition in kind of the above property as follows:
a. The defendant is to have possession and ownership of all interests in and to any corporation and/or partnership in which the community had interest, and the plaintiff is ordered to assist in any way necessary to accomplish the transfer of her interest to the defendant;
b. The defendant is entitled to ownership of the real property bearing municipal address 703 West Sale Road, Lake Charles, Louisiana, and the plaintiff is ordered to assist in any way necessary to accomplish the transfer of her interest to the defendant;
c. Each party is to receive the IRA account presently in his or her name and relinquish all interest in the account bearing the other's name;
d. All stock previously held in the names of both parties will be transferred to the defendant, and any stock held in indivision will be held by the defendant solely, with the plaintiff required to execute whatever documents are necessary to accomplish this transfer;
e. The defendant, CARL PATRICK FASTABEND, M.D., is ordered to make a cash payment of TWENTY-FIVE THOUSAND AND NO/100 ($25,000.00) DOLLARS to the plaintiff, MARY ANN FASTABEND, within thirty (30) days of the signing of this judgment;
f. The defendant is likewise required to transfer the sum of TWENTY-SEVEN THOUSAND, SEVEN HUNDRED EIGHTY-FOUR AND 86/100 ($27,784.86) DOLLARS from the Lake Charles Medical & Surgical partnership retirement plan to the plaintiff's IRA within thirty (30) days of the signing of this judgment;
g. The defendant is ordered to provide a promissory note for the balance of the plaintiff's remaining undivided one-half (―) interest in the community estate in the amount of THIRTY-FOUR THOUSAND, SEVEN HUNDRED SIXTY-ONE AND 63/100 ($34,761.63) DOLLARS, payable at the rate of eight (8%) percent per annum for a period of eight (8) years in equal monthly installments of FOUR HUNDRED NINETY-ONE AND 41/100 ($491.41) DOLLARS, with the first payment due thirty (30) days from the signing of this judgment and each remaining payment due on the same day of each succeeding month thereafter until paid;
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all costs of these proceedings, including appeal costs, are to be divided equally between the parties.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[*] Honorable William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.