EDWIN A. LOMBARD, Judge.
It The defendant/appellant, Lori A. Ser-pas Ostarly, appeals from the judgment of community property partition issued by the trial court on September 29, 2004. After review of the record in light of the arguments of the parties and the applicable law, we affirm the judgment of the trial court.

Relevant Facts and Procedural History

The appellant and the defendant/appel-lee, Randall D. Ostarly, were married on June 28, 1997. Mr. Ostarly filed a petition for divorce on December 16, 1999. The petition was granted and the judgment of divorce was signed on October 13, 2000. The appellant filed a petition to partition community property, rule for return of separate property, and for injunctive relief on April 19, 2001. After the filing of descriptive lists and amended descriptive lists, the matter was tried on September 2, 2004. The trial judge signed the judgment on September 29, 2004, but did not provide written reasons for judgment. Pursuant to a motion for new trial, the trial court issued an amended judgment on December 17, 2004, awarding | judicial interest but ordering that all other provisions of the judgment signed on September 29, 2004, remain in full force and effect.
On appeal,[1] the appellant raises two assignments of error, arguing that the trial court erred in (1) failing to award her *278 damages for the conversion of her household furnishings, and (2) determining that she owes the appellee $2556.76 in reimbursement for loan payments on the 1999 Harley Davidson that, while a community asset during the matrimonial regime, remained solely in the appellee’s sole possession.

Standard of Review

The trial court is vested with great discretion in effecting a fair partition of community property. Collier v. Collier, 00-1263 (La.App. 3 Cir. 7/18/01), 790 So.2d 759, writ denied, 01-2365 (La.12/7/01), 803 So.2d 30. An appellate court may not set aside a trial court’s findings of fact in absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). A reviewing court must keep in mind that if a trial court’s findings are reasonable based upon the entire record and evidence, such finding may not be reversed even if the appellate court is convinced that had it been sitting as trier of fact it would have weighed that evidence differently. Housley v. Cerise, 579 So.2d 973 (La.1991); see also Thomson v. Thomson, 07-988, p. 4-5 (La.App. 3 Cir. 2/27/08), 978 So.2d 509, 512 (the basis for this principle of review is grounded upon the better capacity of the trial court to Devaluate live witnesses, as well as the proper allocation of trial and appellate functions between the respective courts).

Assignment of Error No. 1

In her first assignment of error, the appellant argues that the trial court erred in failing to make an award for the “undisputed conversion of her separate property.” The appellant avers that “[v]arious separate movables belonging [to her] were unlawfully converted by the ap-pellee,” but fails to give a specific description or value of the purportedly converted property.
The intrusion of a tort claim into this community property partition is inexplicable. The record indicates that after the judgment of divorce was granted, the appellant filed a petition to partition community property and for the return of separate property on April 19, 2001, but there is no evidence of the appellant filing a tort claim. On August 3, 2001, the appellant filed her descriptive list in three categories: (1) numerous household items categorized as community property which were in storage; (2) numerous household items categorized as community property allegedly in the appellee’s possession; and (3) her separate moveable items which remained in the appellee’s possession. Notably, the list of the appellant’s property allegedly in the appellee’s possession consisted solely of thirty-six different perfumes. The appellant filed an amended descriptive list on September 3, 2002, wherein she changed the characterization of household items from community property to her personal property.
|/Testimony at trial indicated that the appellant’s household goods were packed for storage by the appellant’s mother, but appellant’s counsel argued that the loss of her household goods constituted the tort of conversion. It is apparently on the basis of this argument that the trial judge included in the judgment of community property partition a denial of the appellant’s “claims for conversion of her property.” Accordingly, to the extent that a conversion claim was before the court, the trial judge did not abuse his discretion in denying the claim.

Assignment of Error No. 2

Next, citing Davezac v. Davezac, 483 So.2d 1197 (La.App. 4th Cir.1986), the appellant argues that the trial court erred in granting the appellee $2556.75 in reim *279 bursements for loan payments on the 1999 Harley Davidson motorcycle because it remained in the sole possession of the appel-lee.
Pursuant to La. Civ.Code art. 2358, upon termination of a community property regime, a spouse may have a claim for reimbursement against the other spouse. Further, in accordance with La. Civ.Code art. 2365, if the separate property of a spouse has been used to satisfy a community obligation, upon termination of the community property regime the spouse is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used. In Davezac, this court created an exception wherein a party who had possession and use of the family automobile was not reimbursed for the payment on the loan note because of the rapid depreciation of the value of an automobile is directly related to its use.
|5In this ease, the record indicates that, in addition to the motorcycle at issue, the community assets initially included two family automobiles, a 1997 Jeep and a 1997 BMW. After the couple separated, the appellant kept the BMW, leaving the appel-lee with the Jeep and his motorcycle. The BMW was apparently damaged while in the appellant’s possession and subsequently repossessed. Community debts included notes on both the BMW and motorcycle. In the partition of the community assets, the appellee became full owner of the Jeep (valued at $2000.00) and the motorcycle (stipulated value of $12,070.00). The appellant was ordered to reimburse the appellee for half of the payments he made on the BMW note after December 16, 1999, until its repossession (totaling $7802.10), as well as for one-half of the community debt for the motorcycle after December 16, 1999, less $5000.00 for the appellee’s use of the vehicle. The community debt on the motorcycle note paid by the appellee was $10,113.53.[2] In light of the appellee’s use of the motorcycle, however, the trial court reduced this amount by $5000.00 before apportioning the community debt between the parties. Accordingly, the appellant was ordered to reimburse $2,556.75 of the community debt on the motorcycle note.
The appellant argues, in effect, that Davezac is applicable to all movable vehicles. However, La. Civ.Code art. 2365 does not distinguish between movable and immovable property and we decline to extend Davezac to cover all movable property. In this case, the trial court took into account the appellee’s use of the | (¡motorcycle and, accordingly, we do not find that the trial court abused its discretion in ordering the appellant to reimburse the appellee for the remaining portion of the community debt on the motorcycle.

Conclusion

The judgment of the trial court is affirmed.
AFFIRMED.

. The appellant’s motion for a devolutive appeal was granted on February 20, 2005, but the record was not lodged in this court until February 2008.

. The motorcycle was initially purchased for $15,000.00.