561 So.2d 799 (1990)
Lillie Mae DILLEY, Plaintiff/Appellant,
v.
Ben E. DILLEY, Defendant/Appellee.
No. 21401-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 1990.
Singer, Boothe & Dean by Johnny R. Boothe, Winnsboro, for plaintiff/appellant.
Carey J. Ellis, III, Rayville, for defendant/appellee.
Before HALL, C.J., and NORRIS and LINDSAY, JJ.
HALL, Chief Judge.
In this suit involving the partition of community property, judgment was rendered *800 recognizing the former husband's state retirement benefits as community property, ordering payment of one-half of future benefits to the former wife, and awarding the former wife a judgment against the former husband for the amount of benefits received by him after the community was dissolved by legal separation. The plaintiff, former wife, appealed asserting that the trial court erred in failing to order the defendant's entire pension benefits be paid to her to satisfy his reimbursement obligation. For the following reasons, we affirm.
The original petition for divorce and partition of the community of acquets and gains was filed by plaintiff, Lillie Mae Dilley, against defendant, Ben E. Dilley, on August 28, 1984. A partial division of community property was agreed upon by the spouses. The only dispute remaining was the status of Mr. Dilley's retirement benefits with the Louisiana State Employee Retirement System. The trial court originally rendered judgment on February 19, 1985 finding that Mr. Dilley's retirement benefits were separate property, relying on Roberts v. Roberts, 325 So.2d 674 (La.App. 2d Cir.1976). Plaintiff filed a motion for new trial but there was no ruling on the motion until October 19, 1988, when the trial court granted a new trial. The court noted that it had been advised that plaintiff died and assumed that the matter was moot until the motion was brought to his attention in July, 1988. The trial court reversed its prior ruling, relying on Walker v. Walker, 463 So.2d 912 (La.App. 2d Cir. 1985) which reversed Roberts v. Roberts, and found that the retirement benefits were community property. The trial court rendered judgment in May, 1989 recognizing the retirement account as community property and awarding Mrs. Dilley one-half of Mr. Dilley's state retirement pension benefits payable subsequent to the date of the judgment. It further granted Mrs. Dilley a money judgment in the amount of $23,737.50 representing one-half of the retirement benefits received by Mr. Dilley from March 1, 1984, the date of legal separation and dissolution of the community, and $900 due Mrs. Dilley for another item under the original judgment.
Mrs. Dilley appeals asserting as error the trial court's failure to allocate the full state pension to her until the judgment is satisfied. Plaintiff argues that such a result is mandated by Davezac v. Davezac, 483 So.2d 1197 (La.App. 4th Cir.1986) and Kaplan v. Kaplan, 522 So.2d 1344 (La. App. 2d Cir.1988).
It is a well-established principle of our law that a trial court has broad discretion in settling and adjudicating issues raised by divorce and partition of the community regime. Queenan v. Queenan, 492 So.2d 902 (La.App. 3d Cir.1986), writ denied 496 So.2d 1045 (La.1986); Feazel v. Feazel, 471 So.2d 851 (La.App. 2d Cir.1985). LSA-R.S. 9:2801 provides the procedure for judicial partitions of community property and settlement of claims after dissolution of the marriage. The trial judge is afforded a great deal of latitude in arriving at an equitable distribution of the assets between the spouses. Kaplan v. Kaplan, supra; Hall v. Hall, 460 So.2d 1053 (La.App. 2d Cir.1984). When a community is solvent the trial court should credit or deduct the reimbursement claims from the obligor spouse's portion of the community prior to distribution of the community. Williams v. Williams, 509 So.2d 77 (La.App. 1st Cir. 1987); Davezac v. Davezac, supra. However, in allocating assets and liabilities the trial court is authorized by LSA-R.S. 9:2801(4)(c) to consider the economic condition of the spouses and any other circumstances that the court deems relevant.
With his state pension reduced by one-half, Mr. Dilley's monthly income consists of $362.50 from the state pension and $280 from the Veterans Administration, or a total of $642.50. Because of poor health, he lives at a residential care facility at a cost of $620 per month, has a truck note of $200.51 per month and insurance on the truck of $336 quarterly. Evidence that Mr. Dilley's VA pension will increase by virtue of reduction of his state pension was inconclusive and speculative. Mrs. Dilley's income, with the state pension benefit, is $1,110.50 per month.
*801 Considering the economic condition of the parties and the impossibility of allowing Mrs. Dilley current reimbursement of her share of the benefits paid during the inordinate amount of time this litigation was pending without leaving Mr. Dilley virtually destitute, the trial court's decision was as equitable as it could be under the circumstances. Mrs. Dilley's judgment against Mr. Dilley may be uncollectable as a practical matter, but it may have some value at some point in time. In the meantime, she will receive her share of the retirement benefits as they are paid. There was no abuse of the trial court's discretion.
Further, LSA-R.S. 42:545 provides an exemption from execution for state pension benefits. This provision specifically exempts the retirement benefits from garnishment, attachment or any other process except for child support. Allocation of Mr. Dilley's one-half of the pension benefits to Mrs. Dilley in order to satisfy her claim for reimbursement would be contrary to the intention of the legislature in exemption retirement benefits from process to collect debts owed by the retiree.
Therefore, finding no error in the trial court judgment, we affirm, at appellant's costs.
AFFIRMED.