I, STEWART, Judge.
The sole issue presented in this appeal by Wendell Sanders from a judgment partitioning community property is whether the trial court erred in ordering payment to Martha Sanders of his one-half share of the community portion of his retirement benefits through December 1, 2005. Finding that the trial court erred in this regard, we reverse the applicable portion of the judgment and remand with orders.
*391 FACTS
The Sanders married on August 6, 1965. They obtained a judgment of divorce on April 22, 1991, which terminated their community property regime. On February 26,1996, Ms. Sanders filed an ancillary proceeding to partition the remaining community property. Included among the existing assets was the community portion of Mr. Sanders’ retirement benefits paid by the Teacher’s Retirement System of Louisiana (“TRSL”). Mr. Sanders had retired from state employment on October 25, 1995 with 30.15 years of creditable service, 25.71 years of which was attributable to his employment during the community regime. At the time of trial, Mr. Sanders was receiving monthly retirement benefits from TRSL in the amount of $2,246.38. He was also receiving a monthly salary of approximately $2,800 through other employment with the state.
A two day trial was held in September 1999, resulting in a judgment rendered November 2, 1999. By the time of trial, the community debts had been discharged in bankruptcy and few assets of value remained. The trial court assigned to the parties the remaining assets, which included various items from the marital home and Mr. Sanders’ retirement benefits from TRSL. Utilizing the Sims formula, the trial court calculated the community portion of Mr. Sanders’ retirement benefits to be 85.2% and Ms. Sanders’ one-half share to be 42.6%.[1] LSince Mr. Sanders had collected retirement benefits totaling $105,056.62 since his retirement in October 1995 and had used sick leave accumulated during the existence of the community regime for his own benefit after termination of the community, the trial court ordered a payment to Ms. Sanders in the amount of $58,056.19. The trial court referred to this award as both an “equalizing payment” and a reimbursement. To assure payment of this amount to Ms. Sanders, the trial court ordered TRSL to pay the full community share (85.2%) of Mr. Sanders’ retirement benefits to Ms. Sanders beginning November 1, 1999 and continuing through December 1, 2005. Thereafter, each party would receive his respective community share of the retirement benefits from TRSL.
Mr. Sanders filed the instant appeal for the sole purpose of challenging the portion of the trial court’s judgment ordering TRSL to pay Ms. Sanders his 42.6% share of the community portion of his retirement benefits to satisfy the award of $58,056.19. Particularly, Mr. Sanders contends that the trial court ordered a seizure of his share of the retirement benefits in violation of La. R.S. 13:3881(D)(1), which exempts pensions from liability for any debt except alimony and child support.
DISCUSSION
An employee’s contractual pension right is an earned property interest. To the extent that the right derives from the employment of a spouse during the existence of a marriage, it is a community asset subject to division upon dissolution of the marriage. La. C.C. art. 2338; Frazier v. Harper, 600 So.2d 59 (La.1992); Hare v. Hodgins, 586 So.2d 118 (La.1991); Killgore v. Killgore, 25,673 (La.App.2d Cir.3/30/94), 635 So.2d 483. Upon termination of the community, the employee’s spouse is entitled to be recognized as owner of one-half the value attributable to the pension right earned during the existence of the community. La. C.C. art. 2336; Frazier v. Harper, supra. In accordance with these principles, Ms. |3Sanders has been recognized as being entitled to 42.6% of Mr. Sanders retirement benefits from TRSL. This fact is not in dispute. Furthermore, the fact that Mr. Sanders owes Ms. Sanders $58,056.19 as payment for her share of the benefits paid by TRSL since his retirement after termination of the community is not in dispute.[2] What is in *392 dispute is the trial court’s order directing TRSL to pay Mr. Sanders’ community portion of the pension to Ms. Sanders through December 1, 2005 to satisfy the debt of $58,056.19.
The trial court has broad discretion in settling and adjudicating issues raised by proceedings involving divorce and partition of community property. Dilley v. Dilley, 561 So.2d 799 (La.App. 2d Cir.1990); Kaplan v. Kaplan, 522 So.2d 1344 (La. App. 2d Cir.1988). The procedure set forth in La. R.S. 9:2801 for the partition of community property and settlement of claims between the former spouses directs the trial court to divide community assets and liability so that each spouse receives property of an equal net value. To achieve this result, the statute provides that the trial court may do the following:
... divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant....
In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, ... upon such terms and conditions as the court shall direct.
La. R.S. 9:2801(4)(c).
Mr. Sanders argues that the trial court has ordered garnishment of his retirement benefits to satisfy an equalizing payment owed Ms. Sanders and that garnishment of his benefits constitutes a seizure prohibited by La. R.S. |413:3881(D)(1). Ms. Sanders asserts that the trial court, pursuant to its discretion under La. R.S. 9:2801, has merely allocated the full community portion of the retirement-benefits to her for a limited time to achieve an equal distribution of the community assets.
From our review of the trial court’s judgment, we find that the payment of $58,056.19 .owed by Mr. Sanders is neither an equalizing payment as suggested by Mr. Sanders nor an allocation of a community asset as suggested by Ms. Sanders. The payment of $58,056.19 is not intended to establish an equal net distribution of community assets. Instead, the payment is intended to reimburse Ms. Sanders for her portion of the retirement benefits previously collected by Mr. Sanders. By determining the community portion of Mr. Sander’s retirement benefits and awarding each spouse their respective interest in the retirement benefits, the trial court allocated that community asset as intended by La. R.S. 9:2801. Consequently, the award of $58,056.19 is neither an allocation of a community asset to Ms. Sanders nor an equalizing payment. Rather, it is a judgment in favor of Ms. Sanders for monies owed to her by Mr. Sanders.[3]
Although the trial court has broad discretion in settling claims between spouses in partition proceedings, this discretion is limited in this instance by La. R.S. 13:3881, and more specifically by La. R.S. 11:704. Pursuant to La. R.S. 13:3881(D)(1), all pensions are exempt from all liability for any debt except alimony and child support. Additionally, La. R.S. 11:704 exempts pensions under the TRSL from “levy and sale, garnishment, attachment, or any other process whatsoever, except as provided in La. R.S. 11:291 and 292.... ” The relevant exception pro *393 vided by La. R.S. 11:291(B) states as follows:
|SB. Notwithstanding any other provision of law to the contrary, any benefit or a return of employee contributions shall be subject to a court order issued by a court upon or after termination of a^: community property regime, which order recognizes the community interest of a spouse or former spouse of a member or retiree of the retirement system and provides that a benefit or return of employee contributions be divided by the retirement system with the spouse or former spouse, but only after a certified copy of such order has been received by the retirement system and has been determined by the retirement system to be in compliance with the applicable laws, rules, and regulations governing the retirement system.
After carefully reviewing these provisions, we find that the trial court erred in ordering TRSL to pay Mr. Sanders’ one-half of the community portion of his retirement benefits to Ms. Sanders to satisfy the debt owed by him to her. Such an order is clearly contrary to La. R.S. 13:3881(D)(1) and La. R.S.11:704, both of which protect a retiree’s pension from any legal process used to satisfy a debt. Payment of the debt owed Ms. Sanders for her share of Mr. Sanders’ retirement benefits collected by him prior to partition does not fall within the exception provided in La. R.S. 11:291. We interpret La. R.S. 11:291 as applying only to the community interest of a former spouse. While La. R.S. 11:291 permits the retirement system to divide a benefit with the former spouse of a retiree who is due his or her community interest, it does not permit garnishment of the retiree’s interest to satisfy a debt owed to the former spouse.
Our finding of error on the part of the trial court is supported by Dilley v. Dilley, supra, in which Mrs. Dilley argued that the trial court erred in failing to allocate Mr. Dilley’s full retirement benefit to her to satisfy a money judgment of $23,737.50, representing her one-half of the retirement benefits previously received by Mr. Dilley. Considering the economic condition of the parties and the fact that Mr. Dilley would be left destitute if such an allocation was ordered, the appellate court found no abuse of discretion by the trial court in rendering a money judgment. Additionally, as we have determined in the instant case, the appellate court found that allocating Mr. Dilley’s one-half of the retirement benefits to Mrs. 1 fiDilley to satisfy her reimbursement claim would be contrary to legislative intent in exempting retirement benefits from process to collect debts owed by the retiree.
CONCLUSION
In accordance with the aforementioned reasons, we reverse that portion of the trial court’s judgment awarding Mr. Sanders’ one-half of the community interest in his retirement benefits to Ms. Sanders through December 1, 2005 and ordering TRSL to direct payment of such to Ms. Sanders. We remand this matter to the trial court with orders to render a money judgment in favor of Ms. Sanders for the remaining amount due on the reimbursement debt owed by Mr. Sanders and to issue an amended order to TRSL directing payment only of Mrs. Sanders’ one-half of the community portion of Mr. Sanders’ retirement benefits to her. Costs of this appeal are assessed equally between the parties.
REVERSED IN PART AND REMANDED.

. Sims v. Sims, 358 So.2d 919 (La.1978).

. The payment amount includes $44,799.25 as Ms. Sanders' 42.6% of the previously paid *392 retirement benefits, interest in the amount of $6,831.79, and $8,250 for unused sick and vacation leave accumulated by Mr. Sanders prior to termination of the community and used by him thereafter solely for his own benefit. Mr. ’Sanders does not dispute these items.

. See Heck v. Heck, 98-1226 (La.App. 4th Cir. 12/29/98), 728 So.2d 483, 485-486, for a discussion of the duty of a spouse, who begins collecting retirement benefits after termination of the community but prior to partition, to give the other spouse one-half of each check when received. The fourth circuit concluded that no such duty exists.