MADELEINE M. LANDRIEU, Judge.
pThe trial court rendered judgments which partitioned the community property of Don Gallaty and Antoinette Gremillion-Gallaty and addressed issues of child support, visitation and contempt. After two hearings on motions for new trial, the judgments became final. Both parties have filed appeals.
FACTS AND PROCEDURAL HISTORY
Don Gallaty and Antoinette Gremillion-Gallaty were married on January 2, 1993 *503 and divorced on March 30, 2005. In July of 2010, the parties proceeded to trial on the merits on issues of community property, child support, visitation, and contempt. Following the trial, the court rendered two judgments, both of which were signed on July 26, 2010. One judgment partitioned the community property. The other addressed visitation, child support and contempt. Neither party requested a new trial and neither appealed from the judgment partitioning their community property-
As to the judgment affecting child support, visitation, and contempt, Mrs. Gallaty filed a motion for a new trial. In her motion, she alleged that the trial court erred when it increased Mr. Gallaty’s visitation; failed to address hospitalization, tuition, uncovered medical expenses, and extracurricular activities; |2and found that Mr. Gallaty demonstrated a change in circumstances sufficient to justify a reduction in his child support obligation.
After a hearing on the motion for a new trial, the trial court denied Mrs. Gallaty the relief she requested. However, during the hearing, the parties raised issues that pertained to the partition of the community property, more particularly, the calculation of certain claims for reimbursement.
As way of background, in 2009, Mr. Gal-laty had been held in contempt of court for failing to pay child support and was cast in judgment for $31,929.37. Pursuant to that judgment, Mr. Gallaty was ordered to purge his contempt by paying this obligation out of his portion of Katrina insurance proceeds belonging to the community. These proceeds were being held in escrow pending the partition. In the judgment partitioning the community, the trial court neglected to account for this child support arrearage owed by Mr. Gallaty to Mrs. Gallaty.
In an amended judgment rendered following the hearing on the motion for new trial, the trial court denied Mrs. Gallaty the relief she requested on the issues of visitation, extra expenses and child support. But, the court recalculated the community property allocation to address this child support arrearage and issued judgment on several ancillary issues relevant to this appeal. Specifically, the trial court denied two reimbursement claims by Mrs. Gallaty. The first claim was for insurance proceeds from a community car the couple lost in Hurricane Katrina. The second claim was for certain personal injury settlement proceeds Mrs. Gallaty believed to be her separate property.
Mrs. Gallaty filed a second motion for new trial asserting, for the second time, that the court erred in denying her reimbursements for the car destroyed in Hurricane Katrina and in failing to award her the proceeds from her personal injury | ¡¡settlement as separate property. She also alleged that the court erred in denying her reimbursement for rents collected on community rental properties, and that the court again committed an error in calculation with regard to the child support arrearage. The trial court heard this motion and issued another amended judgment on July 28, 2011. This judgment denied the motion with regard to the separate property and the reimbursements, and granted the motion with regard to the community property calculation of the child support arrearage.
All issues addressed in the original judgment and in the two judgments on the motions for new trial are now final and both parties have appealed.
ISSUES
I. Whether the trial court properly assessed the value of the community home;
*504 II. Whether the trial court properly awarded fair market rental reimbursement to Mrs. Gallaty;
III. Whether the trial court correctly accounted for the child support ar-rearage owed by Mr. Gallaty;
IV. Whether the trial court erred in failing to award Mrs. Gallaty one-half of the insurance proceeds collected by Mr. Gallaty on a Camaro that was destroyed in Hurricane Katrina; and
V. Whether the trial court erred in failing to find that money received by Mrs. Gallaty as a settlement of her personal injury lawsuit was her separate property.
DISCUSSION
The trial court is vested with great discretion in effecting a fair partition of community property. Ostarly v. Ostarly, 2007-1521, p. 2 (La.App. 4 Cir. 6/18/08), 988 So.2d 276, 278; Collier v. Collier, 2000-1263, p. 2 (La.App. 3 Cir. 7/18/01), 790 So.2d 759, 762. An appellate court may not set aside a trial court’s findings of fact in absence of manifest error or unless they are clearly wrong. Id., Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). It is well settled that a trial court has broad discretion in adjudicating issues raised in a judicial partition proceeding under LSA-R.S. 9:2801. If the trial court’s valuations of community assets are reasonably supported by the record and do not constitute an abuse of discretion, its determinations should be affirmed. Hoover v. Hoover, 2010-1245, p. 3 (La.App. 1 Cir. 3/17/11), 62 So.3d 765, 767; Rao v. Rao, 05-0059, p. 6 (La.App. 1 Cir. 11/4/05), 927 So.2d 356, 360-61.
I. Valuation of the community home
Prior to trial, both parties filed detailed descriptive lists with values for the community assets. Mrs. Gallaty valued the community home at $126,500.00. Mr. Gallaty valued it at $95,000.00. At trial, Mrs. Gallaty presented the testimony of Mr. Luke M. Calamari, a certified appraiser. Mr. Calamari was qualified by the court as an expert in residential property appraisals. He testified as to his methodology and how he had arrived at $126,500.00 as the value of the community home. Mr. Calamari’s expert report was admitted into evidence without objection. In its judgment, the trial court accepted Mr. Calamari’s stated value. Mr. Gallaty argued that the appraisal relied on by the court was not a current appraisal. However, he failed to present any evidence during the trial of a more current value of the home. He also failed to present any evidence that the value of the home had changed from the date of the appraisal to the date of trial.
On appeal, Mr. Gallaty alleges that he attempted to offer evidence as to the fair market value of the community home but that the trial court refused to allow him to do so. The record does not support this allegation.
The transcripts of the proceedings reflect that Mr. Gallaty failed to call any witness to testify about the value of the home. After both sides rested their case 15and the court deemed the matter submitted, a colloquy ensued between Mr. Gallaty and the court regarding appraisals. It is not clear whether the appraisals Mr. Gallaty discusses pertain to the family home or other rental properties. Nevertheless, he made no attempt to offer any alternative evidence of value, and what little reference was made by him to appraisals was done after the matter of community property had been submitted. There is nothing in the record to suggest that Mr. Gallaty was denied the opportunity to cross-examine any evidence submitted by Mrs. Gallaty or *505 to submit any evidence on his own behalf. The trial court’s valuation of the community home is supported by the evidence in the record. We find no error.
II. Fair market rental value of the community home
In Mrs. Gallaty’s petition and in Mr. Gallaty’s answer and reconventional demand, each prayed for the use and occupancy of the family home.[1] Although the record does not reflect that the court ever held a hearing to determine use and occupancy, ultimately, Mrs. Gallaty moved out and Mr. Gallaty lived in the community home from approximately May of 2004 until May of 2005.
At trial, Mrs. Gallaty urged her right to collect from Mr. Gallaty a fair rental value for his use of the community home pending partition. After considering the evidence presented, the trial court assessed the fair rental value to be $1,350.00 per month and awarded to Mrs. Gallaty fourteen months of rent for a total claim against the community of $18,900.00.[2]
La. R.S. 9:374(B) provides in pertinent part that “... either spouse may petition for, and a court may award to one of the spouses, after a contradictory | (¡hearing, the use and occupancy of the family residence and use of community movables or immovables pending partition of the property or further order of the court, whichever occurs first ...” Mr. Gal-laty argues that because the court did not hold a contradictory hearing to determine use and occupancy, there can be no award for fair market rental value. We disagree. This statute allows for a contradictory hearing; it does not mandate a hearing. Further, La. R.S. 9:374(C), the provision of the statute which addresses fair rental value, refers to a spouse who “uses and occupies or is awarded by the court the use and occupancy” of the family residence.
The more significant question is whether Mrs. Gallaty preserved her right to seek an award for fair rental value. This court has held that the trial court has discretion to charge the spouse who occupies the home the fair market rental value of the domicile owned by the former community. Howes v. Howes, 93-2366 (La.App. 4th Cir. 1994), 637 So.2d 1282, 1287; citing Starr v. Starr, 557 So.2d 1026 (La.App. 4th Cir.1990). The Supreme Court has held, however, that “[f]or the assessment of rent under La. R.S. 9:374(C), there must be an agreement between the spouses or a court order for rent contemporaneous with the award of occupancy.” McCarroll v. McCarroll, 96-2700 (La.10/21/97), 701 So.2d 1280, 1290.
In the case before us, both parties filed pleadings requesting use and occupancy. Mr. Gallaty asserted a claim for fair rental value on May 18, 2004 in his answer and reconventional demand. Mrs. Gallaty filed a motion requesting the same on October 2004. Because there was never a hearing to award use and occupancy, there exists no contemporaneous award of rental reimbursement or |7assessment of value by the trial court as required by La. R.S. 9:374(C). However, such is not necessary under the facts presented.
Here, the record supports a finding that there was an agreement between the spouses that rent would be owed. Both parties were on notice that the other was seeking a fair rental value from the one who remained in the home, and, on two occasions, without objection from the par *506 ties, the trial court entered judgments (September 13, 2006 and March 2, 2009) preserving Mrs. Gallaty’s claim for fair rental value. Mr. Gallaty did not challenge either of these judgments. Additionally, during the time Mr. Gallaty lived in the community home pending partition, Mrs. Gallaty paid the house note. It is reasonable for the trial court to have concluded that, despite Mr. Gallaty’s position in 2010, the parties were in agreement back in 2004 that rent would be owed by Mr. Gallaty to Mrs. Gallaty for his use of the home pending partition. The potential prejudice posed by years of a retroactive rental award to an unsuspecting spouse, which the McCarroll court sought to avoid, is not present here.
We find that under the circumstances of this case, the trial court did not err is awarding to Mrs. Gallaty fair market rental reimbursement.
III. Child support arrearage
In a consent judgment on past due child support from 2009, Mr. Gallaty was ordered to pay Mrs. Gallaty $31,929.57 out of his portion of the hurricane insurance proceeds being held in escrow pending partition. In the first community property judgment, the trial judge had failed to consider this consent judgment when he partitioned all of the insurance proceeds to Mrs. Gallaty and an equal amount of community property to Mr. Gallaty. This method of distribution of |scommunity property failed to satisfy the child support obligation. The trial court discovered its error during the hearing on the first motion for new trial.
In the January 10, 2011 judgment, the court attempted to redress this error. However, the “correction” resulted in Mrs. Gallaty paying for half of the child support obligation, as the child support judgment was satisfied out of a community asset (the insurance proceeds) instead of out of the separate assets of Mr. Gallaty. In the last judgment of the trial court (July 28, 2011), the court recalculated the community assets to correctly assess this obligation against Mr. Gallaty. This final calculation is correct.
In the final judgment, the court partitioned to each party an equal community portion of $31, 929.57 out of the insurance proceeds. This money then became the separate property of each spouse. Mrs. Gallaty received her $31,929.37 and she received Mr. Gallaty’s $31,929.57 in satisfaction of his child support obligation. This distribution resulted in $65,007.43 of the insurance proceeds remaining in the community. The trial court then allocated this sum to Mrs. Gallaty in the partition, correctly computed each party’s community portion, and determined each party’s appropriate reimbursement claims. The trial court thus arrived at an equalizing payment owed by Mr. Gallaty to Mrs. Gal-laty in the amount of $33,891.66. We find no error in the substance of this calculation. However, there is a mathematical error.
The trial court correctly held, and no one disputes, that Mr. Gallaty was owed a reimbursement of $6,105.00. Likewise, Mrs. Gallaty was owed a reimbursement of $36,996.66. The judgment subtracts the smaller number from the larger and arrives at $33,891.66, when the correct difference is $30,891.66. 19The result of this error is that the sum owed by Mr. Gallaty to Mrs. Gallaty is actually $60,150.45, not $63,150.45.
IV. 1968 Camaro
Mrs. Gallaty alleges that the parties owned a 1968 Chevrolet Camaro that was lost in Hurricane Katrina. She contends that Mr. Gallaty collected insurance proceeds on this loss and that she is due one-half of this amount. The evidence established that this Camaro was a commu *507 nity asset and that it was lost in the storm by no fault of either party. However, the trial court found that Mrs. Gallaty failed to establish the amount of insurance proceeds received by Mr. Gallaty and denied her claim for reimbursement. This finding is within the discretion afforded the trial court. We find no error.
V. Proceeds from Mrs. Gallaty’s personal injury lawsuit
Mrs. Gallaty also asserts that the trial court erred in finding that the proceeds she received from a personal injury lawsuit were so commingled with community property that they lost their separate nature. Again, this is a matter of proof. Things which are in the possession of a spouse during the existence of the community are presumed to be community assets, but either spouse may prove that they are separate. La. C.C. art. 2340. The burden of proof is on the party claiming the reimbursement to show that separate funds existed and that those funds were used for the use or benefit of the community. Sharp v. Sharp, 2001-0969, p. 3 (La.App. 4 Cir. 10/2/02), 830 So.2d 328, 330. We find no abuse of the trial court’s vast discretion in the denial of this reimbursement claim.
CONCLUSION
We affirm the substance of the judgment below and amend only to correct an error of mathematical calculation. Thus, the judgment of the lower court is hnamended to reflect that the equalizing payment owed by Mr. Gallaty to Mrs. Gal-laty is $60,150.45. In all other respects, the judgment is affirmed.
AMENDED, AND AFFIRMED AS AMENDED

. Both filings were in May 2004.

. Mr. Gallaty does not raise on appeal the monthly rental rate or the time period for which the award is made.