| CHARLENE BRUSER CAMBRE | * | NO. 2020-CA-0135 |
| | * | |
| VERSUS | * | COURT OF APPEAL |
| | * | |
| ANTON CAMBRE | * | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-01063, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods, Judge Dale N. Atkins)

Robert McComiskey
ATTORNEY AT LAW
3228 6th Street, Suite 100
Metairie, LA 70002

Christopher Gobert
1433 Esplanade Avenue
New Orleans, LA 70116

     COUNSEL FOR PLAINTIFF/APPELLANT

Mitchell W. Gibbs
ATTORNEY AT LAW
829 Baronne Street
New Orleans, LA 70112

     COUNSEL FOR DEFENDANT/APPELLEE

       **REVERSED AND REMANDED**
       **OCTOBER 21, 2020**

This is a divorce and community property partition. Appellant, Charlene Bruser Cambre ("Mrs. Cambre"), instituted divorce proceedings against Appellee, Anton Cambre ("Mr. Cambre"). Once the marriage terminated, Mrs. Cambre petitioned the trial court to partition the community property and asked to be awarded rental reimbursement for Mr. Cambre's exclusive use and occupancy of the former family residence. In response to Mrs. Cambre's Petition to Determine Rental Reimbursement Pursuant to La. R.S. 9:374 (the "Petition for Rental Reimbursement"), Mr. Cambre filed an Exception of No Cause of Action. On September 27, 2019, the trial court rendered its judgment sustaining Mr. Cambre's Exception of No Cause of Action and dismissing Mrs. Cambre's Petition for Rental Reimbursement without prejudice. Mrs. Cambre now appeals.

For the reasons that follow, we reverse the trial court's judgment and remand this matter to the trial court for ruling on Mrs. Cambre's petition to partition the community property.

### FACTUAL AND PROCEDURAL BACKGROUND

Mrs. Cambre and Mr. Cambre were married on November 21, 1997. After the parties physically separated in September of 2013, Mrs. Cambre filed for

divorce on January 30, 2014. On March 14, 2014, the parties entered into a Consent Judgment (the "2014 Consent Judgment"), which provided that Mr. Cambre would have exclusive use and occupancy of the former family home, located at 319 North Murat Street (the "family home"), pending the termination of the marriage. Mrs. Cambre stated in her Petition for Divorce that she never returned to the family home after separating from Mr. Cambre in September of 2013. The 2014 Consent Judgment also provided that the parties reserved "their right to assert reimbursement claims and/or fair market rental claims and/or both."

The parties were divorced on January 21, 2015. The Judgment of Divorce provided that the parties had reserved their rights to the "partition of the community of acquets and gains" including "entitlement to fair market rental of the use and occupancy of the former matrimonial domicile." Thereafter, Mrs. Cambre filed a Petition to Partition the Former Community Property. In conjunction with her partition petition, Mrs. Cambre filed the Petition for Rental Reimbursement requesting rental reimbursement for Mr. Cambre's exclusive use and occupancy of the family home. In response, Mr. Cambre filed an Exception of No Cause of Action, arguing that the Judgment of Divorce did not establish which party would receive use and occupancy of the family home. Mr. Cambre also argued, relying on the pre-2004 version of La. R.S. 9:374, that a spouse who uses or occupies the family home or is ordered use and occupancy of the family home by the trial court pending termination of the marriage or partition of the community property is not liable to the other spouse for rental payments for the use and occupancy of the family home. Mrs. Cambre filed an opposition to Mr. Cambre's Exception of No Cause of Action. She argued that Mr. Cambre had exclusive use and occupancy of the family home, and since the parties reserved the right to seek rental

2

reimbursement claims, Mrs. Cambre is entitled to such pursuant to the current version of La. R.S. 9:374.

On September 11, 2019, the matter was heard before the trial court. The trial court sustained Mr. Cambre's exception and dismissed Mrs. Cambre's rental reimbursement claim with prejudice, reasoning that the revisions to La. R.S. 9:374(C) were not triggered in this matter because there was no award of the use and occupancy of the family home. On September 27, 2019, the trial court rendered its written judgment. Mrs. Cambre timely appealed.

## STANDARD OF REVIEW

"Questions of law are reviewed by the appellate court under the *de novo* standard of review." *Green v. Garcia-Victor*, 2017-0695, p. 3 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453 (citing *Cosey on behalf of Hilliard v. Flight Acad. of New Orleans, LLC*, 2017-0364, p. 3 (La. App. 4 Cir. 10/25/17), ___ So.3d ___, 2017 WL 4803829, *3). "The peremptory 'exception of no cause of action raises a question of law,' and a court of appeal reviews the district court's ruling *de novo*." *White v. New Orleans Ctr. for Creative Arts*, 2019-0213, 2019-0214, p. 7 (La. App. 4 Cir. 9/25/19), 281 So.3d 813, 819, *writ denied*, 2019-01725 (La. 12/20/19), 286 So.3d 428.

## DISCUSSION

On appeal, Mrs. Cambre raises two assignments of error. First, Mrs. Cambre argues that the trial court erred in sustaining Mr. Cambre's Exception of No Cause of Action and dismissing her claim for rental reimbursement. Second, Mrs. Cambre contends that the trial court erred in failing to hold a contradictory hearing on the issue of rental reimbursement. We address each assignment of error in turn.

***Exception of No Cause of Action***

"An exception of no cause of action is a peremptory exception." *Green*, 2017-0695, p. 4, 248 So.3d at 453 (citing La. C.C.P. art. 927(A)). "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923.

"A peremptory exception of no cause of action under La. C.C.P. art. 927 A(5) questions whether the law extends a remedy against a defendant to anyone under the factual allegations of a petition." *Tickle v. Ballay*, 2018-0408, p. 3 (La. App. 4 Cir. 11/14/18), 259 So.3d 435, 437 (citing *Mid-S. Plumbing, LLC v. Dev. Consortium-Shelly Arms, LLC*, 2012-1731, p. 4 (La. App. 4 Cir. 10/23/13), 126 So.3d 732, 736). "In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *White*, 2019-0213, p. 7, 281 So.3d at 819. "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not pled in the petition." *Id.* "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.*, 2019-0213, pp. 7-8, 281 So.3d at 819. "[A]ny doubt must be resolved in the plaintiffs' favor." *Id.*, 2019-0213, p. 8, 281 So.2d. at 819. "However, the mere conclusions of the plaintiff unsupported by facts do not set forth a cause of action." *Id.*

The narrow issue presented in Mrs. Cambre's first assignment of error is whether she has stated a valid cause of action in her Petition for Rental Reimbursement. Mr. Cambre argues that Mrs. Cambre failed to state a cause of

action because Mrs. Cambre did not request to be awarded exclusive use and occupancy of the family home in her Petition for Divorce or any pleading thereafter. He also argues that Mrs. Cambre was not denied such use either. In relying on the Louisiana Supreme Court's decision in *McCarroll v. McCarroll*, 1996-2700, p. 20 (La. 10/21/97), 701 So.2d 1280, 1290,[1] Mr. Cambre argues that *McCarroll*, in applying La. R.S. 9:374(C),[2] established that a spouse who has exclusive use and occupancy of the family home may only be liable for rental reimbursement to the other spouse if the other spouse demanded exclusive use and occupancy and was refused. Thus, he contends that Mrs. Cambre was required to demand use and occupancy of the family home and be refused such use to be entitled to receive rental reimbursement for his exclusive use and occupancy of the home.

Mrs. Cambre counters that Mr. Cambre's reliance on *McCarroll* is misplaced. She argues that *McCarroll* applied the pre-2004 version of La. R.S. 9:374(C), which she asserts is now "obsolete" due to the 2004 amendment of the statute. Mrs. Cambre contends that the current version of La. R.S. 9:374(C) entitles

---

[1] In *McCarroll*, the Louisiana Supreme Court addressed the issue concerning the assessment of fair rental value for a spouse's use of the family residence. In addressing this issue, the Louisiana Supreme Court applied La. R.S. 9:374(C) to analyze the value of the use of the family home as consideration received by Mrs. McCarroll for purposes of determining whether the community property settlement agreement was lesionary. In its application of La. R.S. 9:374(C), the Louisiana Supreme Court found "that rental payments may not be retroactively assessed under La. R.S. 9:374(C) unless otherwise agreed by the spouses or ordered by the court." *McCarroll*, 1996-2700, p. 18, 701 So.2d at 1289. The Louisiana Supreme Court also compared the law of co-ownership and La. R.S. 9:374 to conclude that a spouse awarded exclusive use and occupancy of the family home may be liable for rent to the other spouse, but only if the other spouse has demanded occupancy and was refused. *Id.*, 1996-2700, p. 20, 701 So.2d at 1290. Accordingly, the Louisiana Supreme Court concluded that "there must be an agreement between the spouses or a court order for rent contemporaneous with the award of occupancy." *Id.*

[2] Notably, *McCarroll* was decided prior to the 2004 amendment of La. R.S. 9:374(C). As such the Louisiana Supreme Court applied the prior version of La. R.S. 9:374 in rendering its decision.

her to rental reimbursement for Mr. Cambre's exclusive use and occupancy of the home.

The pre-2004 version of La. R.S. 9:374(C) provided that:

A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provision of R.S. 9:374(A) or (B) *shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.*
(Emphasis in original).

*McCarroll*, 1996-2700, p. 16, 701 So.2d at 1288.

La. R.S. 9:374(C) was amended in 2004 to provide, in pertinent part, that:

**If the court awards use and occupancy to a spouse, it shall at that time determine whether to award rental for the use and occupancy and, if so, the amount of the rent. The parties may agree to defer the rental issue for decision in the partition proceedings. If the parties agreed at the time of the award of use and occupancy to defer the rental issue, the court may make an award of rental retroactive to the date of the award of use and occupancy.**

(Emphasis added).

Prior to 2004, La. R.S. 9:374(C) established that a spouse was not liable to the other spouse for rental payments for the use and occupancy of the family residence, unless the spouses agreed to rental payments or a spouse was ordered by the court to make rental payments for the exclusive use and occupancy of the family residence. However, the current version of La. R.S. 9:374(C) allows the court to determine whether to award rental reimbursement after awarding use and occupancy of the family residence. Alternatively, the parties may agree to defer the issue of rental reimbursement to the community property partition.

As such, Mrs. Cambre argues she was not required to request use and occupancy of the family home, or be denied such use, to be entitled to rental

6

reimbursement pursuant to the current version of La. R.S. 9:374(C). Rather, Mrs. Cambre asserts that her right to request rental reimbursement was reserved in the 2014 Consent Judgment and the Judgment of Divorce. We agree.

Our review of the record reveals that Mrs. Cambre properly reserved her right to assert a rental reimbursement claim. The record reflects that the 2014 Consent Judgment provided:

> IT IS FURTHER ORDERED that Mr. Cambre receives use of the home at 319 North Murat Street during the divorce proceedings, the parties **reserving their right to assert reimbursement claims and/or fair market rental claims and/or both**;…

(Emphasis added).

Similarly, the Judgment of Divorce provided:

> IT IS FURTHER ORDERED that both parties **have reserved their rights to a partition of the community of acquets and gains heretofore existing between them, including…entitlement to fair market rental for the use and occupancy of the former matrimonial domicile**;…

(Emphasis added).

The 2014 Consent Judgment and the Judgment of Divorce expressly provide that the parties **reserved their rights** to assert rental reimbursement claims or receive the fair market rental value of the family home in the partition of their community property. In accordance with these judgments, Mrs. Cambre filed her Petition for Rental Reimbursement to assert the right for rental reimbursement for Mr. Cambre's use and occupancy of the family home.

In Mrs. Cambre's petition, she specifically requested to be awarded the fair market rental value of the family home pursuant to the current version of La. R.S. 9:374. In response to Mrs. Cambre's petition, Mr. Cambre filed his Exception of No Cause of Action arguing that Mrs. Cambre failed to state a cause of action

7

because the Judgment of Divorce did not award use and occupancy of the family home to either party.

In order for a spouse to obtain rental reimbursement, the current version of La. R.S. 9:374(C) contemplates that "one of the parties **must be awarded use and occupancy** and the court shall determine whether to award rent at the time use and occupancy is awarded..." *Averill v. Averill*, 2018-0299, p. 7 (La. App. 1 Cir. 9/21/2018), ___ So.3d ___, 2018 WL 4520246, *4. (Emphasis added). Two judgments were rendered as it relates to the family home in this matter—the 2014 Consent Judgment and the Judgment of Divorce. These judgments, however, do not reveal that an award for the use and occupancy of the family home was rendered by the court.

As the record reflects the parties expressly reserved their right to assert a rental reimbursement claim pursuant to the 2014 Consent Judgment and the Judgment of Divorce, Mrs. Cambre asserted a valid cause of action in her rental reimbursement petition. Thus, we find the trial court erred in sustaining Mr. Cambre's Exception of No Cause of Action.

*Contradictory Hearing*

In Mrs. Cambre's second assignment of error, she argues that the trial court failed to hold a contradictory hearing on the issue of rental reimbursement as mandated by the current version of La. R.S. 9:374(C).

In *Gallaty v. Gallaty*, 2011-1640 (La. App. 4 Cir. 10/3/12), 101 So.3d 501, this Court addressed whether the trial court is required to hold a contradictory hearing to determine use and occupancy of the family home. This Court articulated that "La. R.S. 9:374(B) provides in pertinent part that '... either spouse may petition for, and a court may award to one of the spouses, after a contradictory

8

hearing, the use and occupancy of the family residence and use of community movables or immovables pending partition of the property or further order of the court, whichever occurs first...'" *Id.*, 2011-1640, pp. 5-6, 101 So.3d at 505. This Court further explained that "[t]his statute allows for a contradictory hearing; **it does not mandate a hearing**." *Id.* (Emphasis added).

Contrary to Mrs. Cambre's assertion that she is entitled to a contradictory hearing on the issue of rental reimbursement, this Court has established that the current version of La. R.S. 9:374 does not mandate such hearing. Rather, as this Court explained in *Gallaty*, a contradictory hearing is allowed, but not required, to determine an award for the use and occupancy of the family residence once a spouse has petitioned the court. Thus, we find this assignment of error meritless.

In conclusion, we find that the record reflects that Mrs. Cambre reserved her right to assert a rental reimbursement claim for Mr. Cambre's exclusive use and occupancy of the family home, and that a contradictory hearing is not mandated by the current version of La. R.S. 9:374(C).

## DECREE

For the foregoing reasons, we reverse the trial court's judgment sustaining Mr. Cambre's Exception of No Cause of Action and remand this matter for the trial court to rule on Mrs. Cambre's petition to partition the community property.

**REVERSED AND REMANDED**